IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| BUZZ SEATING, INC., | : | Case No. 1:25-cv-165 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| REIMERS FURNITURE MFG, INC. | : | |
| d/b/a RFM SEATING, | : | |
| | : | |
| Defendant. | : | |

---

## ORDER AND OPINION

---

This matter is before the Court on Defendant's Motion to Dismiss for Improper Venue or, in the alternative, Motion to Transfer Venue (Doc. 16). Plaintiff filed a Response in Opposition (Doc. 19), to which Defendant filed a Reply in Support (Doc. 20). Thus, this matter is fully briefed and ripe for the Court's review. For the following reasons, the Court **GRANTS IN PART** Defendant's Motion and **TRANSFERS** this matter to the United States District Court for the District of Oregon.

## FACTS AS ALLEGED

Plaintiff Buzz Seating, Inc. is an Ohio corporation involved in the seating industry. (Compl., Doc. 1, ¶¶ 1-2.) During the course of business, Plaintiff identified the need for an improved chair design that would allow individuals wearing a utility or duty belt to sit more comfortably without damaging the belt. (*Id.* at ¶¶ 13-15.) Putting this idea into practice, Plaintiff designed the "SHIELD Chair" and obtained three patents for its unique

and proprietary design. (*Id.* at ¶¶ 15-18.) With these patents in hand, Plaintiff has been selling "SHIELD Chairs" across the country ever since 2011. (*Id.* at ¶¶ 2, 15, 23.)

Defendant Reimers Furniture Manufacturing, Inc. produces ergonomic seating and is one of Plaintiff's direct competitors. (Compl., Doc. 1, ¶¶ 4, 26.) Though Defendant is an Oregon corporation with its principal place of business also in Oregon, Defendant sells and distributes seating across the country through its website and a network of representatives. (*Id.* at ¶¶ 3-6, 27.) Specifically, Defendant's website identifies Doug Zott from Zott Marketing and Design Services ("ZMDS") as the point of contact for purchasing products in Ohio. (*Id.* at ¶ 6.) ZMDS is an Ohio limited liability company. (*Id.*)

Defendant began allegedly infringing Plaintiff's patents when it produced a chair similar to Plaintiff's "SHIELD Chair." (Compl., Doc. 1, ¶¶ 29-33.) Defendant's chair was sold in Ohio through Zott. (*Id.* at ¶ 32.) Both Plaintiff and Defendant share similar channels of distribution through representatives; for instance, at least one representative has sold chairs for both companies. (*Id.* at ¶ 35.) Defendant has allegedly failed to cease producing and selling the infringing chair despite Plaintiff's demands. (*Id.* at ¶¶ 46-48, 53.)

## PROCEDURAL HISTORY

On March 13, 2025, Plaintiff filed this federal lawsuit based on Defendant's alleged patent infringement. (*See* Compl., Doc. 1.) Defendant responded by moving to dismiss or, in the alternative, to transfer due to improper venue. (Motion, Doc. 16.) Plaintiff filed a Response in Opposition (Doc. 19), to which Defendant filed a Reply in Support (Doc. 20).

## LAW AND ANALYSIS

### I.     Improper Venue

When a defendant moves to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), it is the plaintiff's burden to show that venue is proper. *Tobien v. Nationwide Gen. Ins. Co.*, 133 F.4th 613, 621 (6th Cir. 2025); *In re Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203, 1207 (Fed. Cir. 2022). If a court decides a Rule 12(b)(3) motion on the "papers alone," the plaintiff must "show that his pleadings and affidavits, if accepted as true, would establish that venue was proper." *Tobien*, 133 F.4th at 621. "[A] district court may examine facts outside the complaint, but [it] still must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Harrison Prosthetic Cradle Inc. v. Roe Dental Lab'y, Inc.*, 608 F. Supp. 3d 541, 546 (N.D. Ohio 2022) (quotation omitted).

The general venue provision invokes considerations as to where the defendants reside, where a substantial part of the events took place, and where any property subject to the action is situated. *See* 28 U.S.C. § 1391(b). Patent infringement cases are special. "28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions." *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957); *see also TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 265-66 (2017). Pursuant to this statute, "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

As for the first potential avenue to establish venue under Section 1400(b), residency refers only to a domestic corporation's state of incorporation. *TC Heartland*, 581

3

U.S. at 267-68. Here, Defendant is an Oregon corporation with its principal place of business also located in Oregon. (Compl., Doc. 1, ¶ 3.) Both parties agree that the first clause of Section 1400(b) does not convey venue in the Southern District of Ohio. (*See* Motion, Doc. 16, Pg. ID 427; Response, Doc. 19, Pg. ID 457.)

Thus, for venue to be proper, it must be derived from the second clause: whether "the defendant has committed acts of infringement and has a regular and established place of business" in this district. 28 U.S.C. § 1400(b). "The regular and established place of business inquiry has three general requirements: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Volkswagen*, 28 F.4th at 1208 (quotation omitted). This framework must be weighed alongside the Supreme Court's repeated warnings against reading the patent venue provision too broadly. *Id.* (citing *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961); *Stonite Prods. Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 566 (1942)).

Notably, the phrase "regular and established place of business" includes the "physical presence of an employee *or other agent* of the defendant conducting the defendant's business at the alleged 'place of business.'" *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020) (emphasis added). As the Federal Circuit has consistently explained, the agency determination involves three essential elements: "(1) the principal's right to direct or control the agent's actions, (2) the manifestation of consent by the principal to the agent that the agent shall act on his behalf, and (3) the consent by the agent to act." *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1287-88 (Fed. Cir. 2021) (cleaned up).

As a preliminary matter, Plaintiff's Complaint alleges only that venue is proper under the general venue provisions. (*See* Compl., Doc. 1, ¶ 11.) While this may not "automatically doom" Plaintiff's venue argument, Plaintiff must now "come forward with evidence demonstrating that venue is proper." *Tobien*, 133 F.4th at 621-22. Defendant contends that venue is improper because Defendant has not physically established a regular place of business in the Southern District of Ohio. (Motion, Doc. 16, Pg. ID 427-29.) Plaintiff responds that venue is proper because Zott serves as Defendant's "Ohio-based sales representative" and hence Defendant's agent. (Response, Doc. 19, Pg. ID 458.) Specifically, Plaintiff argues that this agency relationship is evidenced by the fact that Zott sells Defendant's products on his website as an authorized dealer. (*Id.* at Pg. ID 459-60.) Accordingly, the crux of the matter revolves around whether Zott or ZMDS is an agent of Defendant for purposes of showing that venue properly lies in this forum.

Defendant relies heavily on *In re Volkswagen Group of America, Inc.*, 28 F.4th 120, (Fed. Cir. 2022), to make its argument against venue. In that case, the plaintiff argued that independent car dealerships were acting as the defendants' agents by selling cars and warranty services. *Id.* at 1210. The Federal Circuit recognized that, even taking this characterization as true, the question of venue turned on whether the defendants "have the requisite control over the dealerships with respect to those activities, including the right to provide 'interim instructions.'" *Id.* The defendants' contractual provisions with the dealerships required the dealerships to: (1) employ certain types of employees, (2) maintain a certain level of inventory, (3) perform warranty work, (4) use specified tools for warranty work, (5) use approved hardware and software, (6) comply with the

5

defendants' standards as to dealership appearance and branding, (7) comply with working capital requirements, and (8) attend training sessions. *Id*. at 1211. Nevertheless, the court held that the defendants lacked interim control over the dealerships' care sales or warranty work. *Id*. Furthermore, the plaintiff did not otherwise cite any evidence that the defendants maintained influence over the sales process once the cars were sold to a dealership. *Id*. Thus, the Federal Circuit found that the plaintiff failed to carry its burden of showing that the dealerships were the defendants' agents. *Id*. at 1214.

Plaintiff counters that *Volkswagen* is of limited import because there is no evidence that Zott or ZMDS are similar to independent dealerships. (Response, Doc. 19, Pg. ID 459.) But, at the end of the day, it is Plaintiff's burden to establish that Defendant exercises sufficient control over Zott or ZMDS. Plaintiff argues that Defendant is "intimately connected" with Zott and ZMDS because Defendant publicly represents that Zott and ZMDS are authorized to act and sell Defendant's goods in Ohio. (*Id*. at Pg. ID 459-60.) To the extent the record suggests that Zott is akin to an "authorized dealer" for Defendant in Ohio, this type of relationship—without more—is insufficient to establish venue. *See, e.g., Goade v. Bowtech, Inc.*, No. 3:21-CV-330, 2021 WL 9990390, at *3 (M.D. Tenn. Nov. 3, 2021) (collecting cases); *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018) (recounting the "abundant case law from other district courts holding that a distributor's place of business cannot establish venue for its supplier"); *Automated Packaging Sys., Inc. v. Free-Flow Packaging Int'l, Inc.*, No. 5:14-CV-2022, 2018 WL 400326, at *9 n.8 (N.D. Ohio Jan. 12, 2018) (rejecting venue argument despite party's "close relationship with its distributors" because "any such physical

presence of the distributor belongs to the distributor"); *Warner-Lambert Co. v. C.B. Fleet Co.*, 583 F. Supp. 519, 526 (D.N.J. 1984) ("[D]espite the volume of business generated in this district on [the defendant's] behalf, the mere presence of [the defendant's] sales representatives does not, absent a fixed location under [the defendant's] control, demonstrate a 'regular and established place of business' located in [this district].").

The Court is not persuaded by Plaintiff's remaining arguments. Although Plaintiff points out that Defendant's website identified Zott as the contact for Ohio-based purchases (Response, Doc. 19, Pg. ID 459; Compl., Doc. 1, ¶ 6), this falls short of demonstrating Defendant's control over Zott or ZMDS. *See, e.g., AptusTech LLC v. Trimfoot Co., LLC*, No. 4:19-CV-133, 2020 WL 1190070, at *5 (E.D. Tex. Mar. 12, 2020) (explaining that "even directing customers to [a distributor's] location from the defendant's website is insufficient to establish that the location is 'of the defendant'"); *EMED Techs. Corp.*, 2018 WL 2544564, at *2; *Dual Mfg. & Eng'g, Inc. v. Burris Indus., Inc.*, 531 F.2d 1382, 1387 (7th Cir. 1976) (noting that even "exclusive distributorship" and "exclusive, independent distributors" will not create venue under the patent venue statute).

Additionally, Plaintiff's allegation that "[b]ased on information and belief, any orders for products sold by Zott in the State of Ohio are fulfilled by [Defendant]" does not alter the Court's conclusion. (Compl., Doc. 1, ¶ 7.) Plaintiff's own Complaint includes an exhibit of the ZMDS website listing Defendant alongside other entities, such as "Fluid Concepts" and "Perpetual Enterprises." (Website, Doc. 1-3, Pg. ID 72.) "When an exhibit contradicts the complaint, the exhibit trumps the allegations." *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 576 (6th Cir. 2021) (quotation omitted). In any event, even assuming Zott

and ZMDS only sold Defendant's products and viewing all allegations as true, this would still be insufficient to show agency-level control. *See Goade*, 2021 WL 9990390, at *3 n.3 (noting that the defendant's authorized dealer potentially sold other brands but not basing its conclusion on this fact). For all these reasons, venue is improper in the Southern District of Ohio.

## II. Venue-Based Discovery

Plaintiff also requests limited discovery on the question of venue. (Response, Doc. 19, Pg. ID 460-61.) "Motions for venue discovery are subject to the same legal standards that apply to motions for jurisdictional discovery." *Tobien*, 133 F.4th at 623 (quotation omitted). That is to say: "A plaintiff is not entitled to discovery if she cannot, at a minimum, offer any factual basis for her allegations and give the district court a reasonable basis to expect that discovery would reveal evidence that supports the claimed jurisdiction." *C.H. By & Through Shields v. United States*, 818 F. App'x 481, 484 (6th Cir. 2020) (cleaned up). Here, Plaintiff asserts that Zott and ZMDS are Defendant's exclusive Ohio-based dealer and that discovery will elucidate the precise nature of the relationship between Defendant, Zott, and ZMDS. (Response, Doc. 19, Pg. ID 460-61.) Defendant replies that venue discovery would be unnecessary and wasteful. (Reply, Doc. 20, Pg. ID 479.)

After consideration, the Court does not find venue discovery warranted. Plaintiff does not provide a detailed showing of what discovery is specifically sought or a reasonable basis to expect that discovery would reveal an agency relationship. *See C.H. By and Through Shields*, 818 Fed. App'x at 486; *Tobien*, 133 F.4th at 623. Therefore, against

8

the backdrop of the foregoing venue analysis, the Court declines to order venue discovery.

### III. Transfer or Dismissal

That leaves one final question. A court that determines venue is improper shall either dismiss the action "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Generally, the 'interest of justice' requires courts to transfer cases to the appropriate judicial district, rather than dismiss them." *Harrison Prosthetic Cradle Inc.*, 608 F. Supp. 3d at 550 (quotation omitted).

As Defendant is an Oregon corporation with its principal place of business also in Oregon, Plaintiff could have originally brought this case in the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1400(b). (*See* Compl., Doc. 1, ¶ 3.) Plaintiff prefers transfer over dismissal of its Complaint, and Defendant seeks—in the alternative to dismissal—transferring this matter to the United States District Court for the District of Oregon. (*See* Motion, Doc. 16, Pg. ID 429-32; Response, Doc. 19, Pg. ID 465-66.) Therefore, the Court finds it in the interest of justice to transfer this case to the United States District Court for the District of Oregon.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Defendant's Motion to Dismiss for Improper Venue or, Alternatively, to Transfer Venue (Doc. 16). This matter is hereby **TRANSFERRED** to the United States District Court for the District of Oregon.

**IT IS SO ORDERED.**

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND